IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PLUM POINT ENERGY
ASSOCIATES, LLC                                                    PLAINTIFF

v.                                 No. 3:15-cv-70-DPM

SOUTH MISSISSIPPI ELECTRIC
POWER ASSOCIATION                                              DEFENDANT

## ORDER

Plum Point Energy Associates, LLC, owns a coal-fired power plant in
Osceola, Arkansas. South Mississippi Electric Power Association buys
electricity produced at that plant. Like many other coal-fired plants, this one
filters emissions through a lime slurry to remove sulfur dioxide. The price
South Mississippi pays for electricity varies with Plum Point's operating
expenses, which include the cost of lime. Plum Point Power Partners, which
the parties call "P4," designed and built the plant. P4 guaranteed that the
plant would use no more than 4,945 pounds of lime an hour.  The plant
actually uses more than 8,000 pounds of lime an hour. Plum Point and P4
settled their dispute about breach of the lime guarantee by, among other
things, knocking $25,500,000 off the price of the plant. South Mississippi says
the settlement has, in effect, reduced the amount that Plum Point actually

pays for lime. South Mississippi claims that, by ignoring the settlement when pricing electricity, Plum Point is overcharging. Plum Point disagrees.

South Mississippi and Plum Point's contract has a dispute-resolution provision, which is appended to this Order. South Mississippi started arbitration about whether the lime settlement should be factored in the price of electricity. Plum Point refused to participate. Instead, Plum Point sued South Mississippi in the Circuit Court of Mississippi County, Arkansas, seeking a declaratory judgment and moving to stay the arbitration. The Circuit Court issued a temporary restraining order staying arbitration. South Mississippi removed the case here and moved to compel arbitration. Plum Point resists the arbitration motion. The question is who — the Court or the arbitrator — decides whether the lime-payment dispute is arbitrable?

The answer is the arbitrator. South Mississippi and Plum Point agreed, with some immaterial exceptions, that the "AAA Commercial Arbitration Rules" would govern arbitration under the contract. № 1-1 at 125. "By incorporating the AAA Rules" in the arbitration provision, South Mississippi and Plum Point "agreed to allow the arbitrator to determine threshold questions of arbitrability." *Green v. SuperShuttle International, Inc.*, 653 F.3d

766, 769 (8th Cir. 2011). They also gave the arbitrator the "authority to interpret the language" of their contract. № 1-1 at 125. Whether the lime dispute is arbitrable turns on the words of the Plum Point/South Mississippi power agreement. Ordinarily, a court would interpret those words. But the parties were free to hand arbitrability questions to an arbitrator. *Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63, 68–69 (2010). They did.

Plum Point asks the Court to resolve whether the parties' arbitration agreement is narrow or broad. But this is really just another road into the arbitrability issue, which the parties committed to the arbitrator. *Fleet Tire Service of North Little Rock v. Oliver Rubber Co.,* 118 F.3d 619, 621 (8th Cir. 1997). Plum Point has pointed to nothing in the contract that would prevent the arbitrator from deciding arbitrability under the AAA Rules. *Compare NASDAQ OMX Group, Inc. v. UBS Securities, LLC,* 770 F.3d 1010, 1031–32 (2d Cir. 2014). South Mississippi and Plum Point agreed with clarity that the arbitrator would decide the scope of their arbitration agreement. The Court must enforce the parties' contract—that's the animating principle in the precedent. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943 (1995).

-3-

\*   \*   \*

Temporary Restraining Order, № 3, vacated. Motion to stay arbitration, № 2, denied. Motion to compel arbitration, № 11, granted. This case is referred to arbitration, stayed, and administratively terminated. Either party may move to reopen, if need be, when arbitration concludes. The Court orders the parties to file a Joint Status Report on 4 December 2015, and every six months thereafter until arbitration is concluded.

So Ordered.

D.P. Marshall Jr.
United States District Judge

14 July 2015

<u>**CONFIDENTIAL**</u>                                        *Execution Version*

# POWER PURCHASE AGREEMENT

Between

## PLUM POINT ENERGY ASSOCIATES, LLC,

as Seller

And

## SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION

as Purchaser

*Execution version*

# ARTICLE XX

## DISPUTE RESOLUTION

Section 20.1 Senior Officers.

(a)     Each of Seller and Purchaser shall designate in writing to the other Party a representative who shall be authorized to resolve any dispute arising under this Agreement in an equitable manner and, unless otherwise expressly provided herein, to exercise the authority of such Party to make decisions by mutual agreement.

(b)     If such designated representatives are unable to resolve a dispute under this Agreement, such dispute shall be referred by each Party's representatives, respectively, to a senior officer designated by Seller and a senior officer designated by Purchaser for resolution upon five (5) Days' written notice from either Party.

Execution version                              59

(c)     The Parties hereto agree (i) to attempt to resolve all disputes arising hereunder promptly, equitably and in a good faith manner; and (ii) to provide each other with reasonable access during normal business hours to any and all non-privileged records, information and data pertaining to any such dispute.

Section 20.2 Arbitration.

(a)     In the event that any dispute between the Parties is unable to be resolved pursuant to Section 20.1 within thirty (30) Days of the written notice described in Section 20.1(a) or 20.1(b), then upon notice of the either Party such dispute shall be submitted to arbitration as set forth herein.

(b)     The Parties shall select three (3) AAA approved commercial arbitrators, unless the Parties otherwise agree in writing to select the arbitrators from another source.  To select these arbitrators, the Seller shall appoint one arbitrator and Purchaser shall appoint one arbitrator within twenty (20) Days of the receipt of the notice given in Section 20.2(a) or 20.1(b).  The two arbitrators so appointed shall select the third arbitrator within ten (10) Days of the appointment of the second arbitrator.  If any arbitrator is not appointed within the time limit provided herein, such arbitrator shall be appointed by the AAA in accordance with the listing, striking and ranking procedure in the Rules.

(c)     The arbitrators shall permit each Party to conduct reasonable discovery as promptly and expeditiously as possible (and both Parties shall cooperate to this end).  Discovery shall be limited to requests for the production of documents and examination upon deposition.  Each Party's requests for, and responses to discovery including examination upon deposition shall be completed within sixty (60) Days of the arbitrators' selection.  The Parties may modify the period for discovery by mutual agreement.  The arbitrators shall resolve any discovery disputes between the Parties that, after using their best efforts, the Parties cannot resolve themselves.  All depositions of employees of Parties shall take place in Memphis, Tennessee or New York, NY unless otherwise agreed.

(d)     The hearing shall be initiated as promptly and expeditiously as possible (and the Parties shall cooperate to this end) and, in no event more than thirty (30) Days after the conclusion of the discovery period.  The rules of evidence of AAA shall apply to the presentation of evidence.  Each Party shall file written direct testimony with the arbitrators and serve a copy on the other Party.  The written testimony must be received by the arbitrators and the other Party no later than ten (10) Days prior to the commencement of the hearing.  Each Party shall be permitted to make opening statements with the Party demanding arbitration presenting its opening statement first.  Immediately after opening statements, the Party demanding arbitration shall then present evidence in support of its position.  The other Party then shall present evidence in support of its position.  All witnesses must testify under oath, and a stenographic record and transcript of the hearing shall be made.  Each Party shall have an opportunity to cross-examine the other Party's witnesses, including the witnesses that file written direct testimony.  The Parties shall be permitted to make closing statements.  The Party demanding arbitration shall present its statement first.  The arbitrators shall conclude the

hearing within thirty (30) calendar Days of its commencement.   The period for concluding the hearing may be modified by mutual agreement of the Parties.

(e)   The Parties shall submit briefs and/or proposed orders following the completion of the hearing unless otherwise agreed by the Parties and approved by the arbitrators.  Initial briefs or proposed orders shall be served on other Parties.  The initial briefs or proposed orders must be received by the arbitrators and the other Party no later than fifteen (15) Days after completion of the hearing.  Reply briefs shall be submitted to the arbitrators and served on the other Party within ten (10) Days of receipt by the arbitrators and the other Party of the initial briefs or proposed orders.  The briefing schedule provided herein may be modified by mutual agreement of the Parties with the approval of the arbitrators.

(f)   The determination and/or award of the arbitrators, whichever is appropriate, shall be made no later than thirty (30) Days from the date of the completion of the hearing or, if applicable, the date the last required briefs and/or proposed orders were received by the arbitrators and the Parties.  Such determination and/or award shall be conclusive, final, and binding, subject only to the outcome of confirmation or vacation proceedings, if any, under Applicable Law.  To the extent that an award includes an amount of money, such award shall include interest at the Default Rate, and such interest shall accrue from the date(s) on which such money should have been paid to the prevailing Party or was incorrectly paid by that Party.

(g)   Unless the Parties otherwise agree in writing, arbitration under this Agreement shall be conducted in Memphis, Tennessee or New York, NY.

(h)   Arbitration under this Agreement shall be governed by the AAA Commercial Arbitration Rules (or any successor thereto) in effect at the time of arbitration, unless the Parties mutually agree to another set of rules or body of Law, provided that if any specific provision of this Section conflicts with the then effective AAA Commercial Arbitration Rules, or other set of rules or body of Law mutually agreed to by the parties, then the provisions of this Section shall govern.

(i)   The costs of the arbitration proceedings, other than the Parties' own expenses, shall be paid by the non-prevailing Party.

(j)   The arbitrators shall have no power to amend or add to this Agreement, but shall have the authority to interpret the language of such agreements and make findings of fact, order specific performance and provide injunctive relief as if the arbitrators were a court.  Subject to such limitation, the decision of the arbitrators shall be final and binding.  Judgment on an award may be enforced in any court of competent jurisdiction.  Upon request of either Party, the arbitrators may issue such orders for interim relief as may be deemed necessary to safeguard the property that is the subject of arbitration or otherwise avoid irreparable harm to a Party, without prejudice to the rights of the Parties to the final determination of the dispute.  Either Party may, without inconsistency with this Agreement, seek from any court of competent jurisdiction any

interim or provisional relief that may be necessary to protect the rights or property of that Party, pending the establishment of the arbitration tribunal.

(k)     The final decision of the arbitrator must also be filed with the FERC if it affects jurisdictional rates, terms and conditions of service or facilities.